The judgment of the Court was pronounced by
Rost J.
The claim of the plaintiff in this case has been dismissed, and the case comes before us on the issue joined between the intervenor and the defendant. Both parties were creditors of the late J. F. A. Guillemain, whose succession was administered in this city, as an insolvent estate. During the course of the administration, the intervenor, representing herself to be a creditor of the deceased, took a rule upon the administrator to show cause why the slaves of the succession should ;not be sold. That rule was tried and made absolute. The property of the succession was sold and a tableau of distribution filed, on which neither the intervenor nor the defendant were placed as creditors. The intervenor did not oppose the tableau; the defendant alone opposed it, and was recognized by the judgment of this court as a creditor, and adjudged to receive the whole balance of assets left after paying the mortgage and privileged debts. 2d Ann. 634.
The intervenor has instituted these peoceedings under art. 1060, 1061, and 1176 C. C., to compel the defendant to refund the proportion he is bound to contribute, in order to give her a part equal to that which she would have *39 received if she had made opposition to the tableau. There was judgment against her in the first instance, and she appealed.
The only question which this case presents is, whether the intervenor had made hei’self known at the time the tableau of distribution was filed.
It is urged in her behalf, that, under article 1176 the creditors who have not made themselves known are all those who have not presented themselves at the time of the payment of the debts; that she did not present herself at that time, and that she had not become a party to the record, because she merely represented herself as a creditor, without proving, exhibiting, or describing her claim.
The action of the court upon the rule she took is inconsistent with that statement. We are bound to presume that it was tried upon proper evidence, and that the intervenor proved her claim before it was made absolute. After the judgment of the court she was clearly a party to the record, and had made herself known to the administrator. We do not consider the words at the end of article 1176, (had they presented themselves at the time of the payment of the debts,) as changing or varying the rule established by that and the other articles on the same subject, which gives this action exclusively to creditors who had not made themselves known before.
Under the bankrupt law of England, a dividend may be opened if creditors are not paid, and there has been no negligence. But when the omission to prove proceeds from a creditor’s own laches, the court will not order a dividend to be stayed until his petition to prove can be heard. Ex parte Brees, 3 Dea. and Ch. 263.
We understand the articles of the code relied on as establishing the same principle. The intervenor, being a party to the record, was guilty of neglect in not opposing the tableau of distribution, and has no claim against the defendant.
Judgment affirmed, with costs.